# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JONES LANG LASALLE AMERICAS INC., | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 16-190 |
| | : | |
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 313, | : | |
| Defendants. | : | |

McHUGH, J.                                                                                                               DECEMBER 15, 2017

## MEMORANDUM

This case arises from a dispute over a Collective Bargaining Agreement ("CBA") between Plaintiff Jones Lang Lasalle Americas Inc. and Defendant International Brotherhood of Electrical Workers Local Union No. 313. Plaintiff has sought a declaratory judgment determining that the dispute is not subject to arbitration. This case originally came before Judge Sue L. Robinson in the District of Delaware. The Union moved to dismiss Plaintiff's Complaint for Declaratory Relief, contending that the CBA incorporates by reference the procedural rules of the American Arbitration Association ("the AAA"), and thus commits the question of arbitrability to an arbitrator rather than a judge. On July 11, 2017, Judge Robinson denied Defendant's Motion to Dismiss, *Jones Lang LaSalle Americas, Inc. v. Int'l Bhd. of Elec. Workers, Local 313*, 16-cv-190-SLR (D. Del. July 11, 2017), ECF No. 18, and the case was assigned to me following Judge Robinson's retirement. The Union subsequently filed a timely Motion for Reconsideration under Rule 59(e).

The law of the case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)).  Consequently, "[w]here a successor judge is asked by timely and proper motion to reconsider the legal conclusions of an unavailable predecessor, he or she is empowered to reconsider those issues *to the same extent* that his or her predecessor could have."  *U.S. Gypsum Co. v. Schiavo Bros.*, 668 F.2d 172, 176 (3d Cir. 1981) (emphasis added). The Third Circuit has specifically addressed the power of a successor judge in the context of venue, and held that judges of coordinate jurisdiction should not overrule each other's decisions:

> Adherence to law of the case principles is even more important in this context where the transferor judge and the transferee judge are not members of the same court.  Here, the principles of comity among courts of the same level of the federal system provide a further reason why the transferee court should not independently re-examine an issue already decided by a court of equal authority. *See Hoffman v. Blaski*, 363 U.S. 335, 348–49, 80 S.Ct. 1084, 1092, 4 L.Ed.2d 1254 (1960) (Frankfurter, J., dissenting); *Chicago & N.W. Transp. Co. v. United States*, 574 F.2d 926, 930 (7th Cir. 1978).

*Hayman Cash Register Co. v. Sarokin*, 669 F.2d 162 (3d Cir. 1982).[1]

Having been assigned this case after Judge Robinson's retirement, I am able to revisit her previous ruling on Defendant's Motion to Dismiss only under the standard for reconsideration. The Court of Appeals has held that reconsideration should not be granted unless a party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).  Here, the Union asserts that Judge Robinson made both a clear error of law and of fact in denying its Motion to Dismiss.

---

[1] Strictly speaking, given my special assignment, I am sitting as a District of Delaware judge. Nonetheless, the principles of *Sarokin* carry some weight here.

Given the exceedingly narrow standard for reconsideration, I am constrained to deny Defendant's motion.

First, I am not persuaded that Judge Robinson made a clear error of law in reaching her decision. Specifically, the Union argues that the court wrongly based its decision upon *Chesapeake Appalachia, LLC v. Scout Petroleum, LLC*, 809 F.3d 746 (3d Cir. 2016), Def.'s Mot. Recons. 5–7, ECF No. 20, and failed to give due consideration to case law from other circuits. I find no basis for declaring clear error in either respect.

Preliminarily, it bears mentioning that there is a strong presumption that arbitrability should be decided by the courts, absent "clear and unmistakable" evidence to the contrary. *First Options of Chi, Inc. v. Kaplan*, 514 U.S. 938, 945–46 (1995). In the absence of a controlling decision that addressed the particular language of this contract, Judge Robinson necessarily had to reason by way of analogy, and each case is highly dependent on the nuances of the contract at issue. In that regard, the court did not commit clear error by citing to *Chesapeake*. There, the Third Circuit took up the question of whether the arbitration clause of a lease agreement committed the question of class arbitrability to an arbitrator, where there was language stating that all "disputes shall be determined by arbitration in accordance with the rules of the American Arbitration Association." *Id.* at 746. It held that this reference to the AAA rules was insufficient evidence of intent to commit the determination of class arbitrabiltiy to an arbitrator. *Id.* at 761–64. The Union emphasizes that in reaching this result, the Third Circuit explicitly recognized a distinction between bilateral arbitration agreements and class arbitration. Class arbitration, the court explained, raises a "particular set of concerns that are absent in the bilateral context." *Id.* at 765 (listing concerns unique to class arbitration that the Third Circuit identified in *Opalinski v. Robert Half Int'l Inc.*, 761 F.3d 326, 333 (3d Cir. 2014)).

3

It does not follow that it was clear error to cite *Chesapeake*. Judge Robinson fairly relied on the case for the proposition that "[t]he burden of overcoming the presumption [of judicial determination] is onerous, as it requires express contractual language unambiguously delegating the question of arbitrability to the arbitrator." *Jones Lang LaSalle Americas, Inc.*, 16-cv-190-SLR, 7, ECF No. 18 (quoting *Chesapeake Appalachia*, 809 F.3d at 753). This principle has guided courts in evaluating an arbitrator's jurisdiction over arbitrability for both bilateral arbitration agreements and class arbitration. From this basic premise, Judge Robinson reasoned that she would need to determine whether the CBA contained the necessary "express contractual language." *Id.* In explaining *Chesapeake*'s holding, Judge Robinson also acknowledged the Third Circuit's observation that class arbitrability raised concerns "absent in the bilateral context." *Id.* at 8 n.2. The question is not whether I would have reached a similar result, but whether this analogy was clear error.

Additionally, Judge Robinson did not directly contravene the law of other circuits, nor did she apply principles inconsistent with the law of the Third Circuit. In *Chesapeake Appalachia*, the Third Circuit noted that "[v]irtually every circuit to have considered the issue has determined that incorporation of the [AAA] arbitration rules constitutes clear and unmistakable evidence that the parties agreed to arbitrate arbitrability." 809 F.3d at 764 (citing *Fallo v. High-Tech Inst.*, 559 F.3d 874, 877–78 (8th Cir. 2009)). *See also Contec Corp. v. Remote Sol., Co.*, 398 F.3d 205, 208 (2d Cir. 2005); *Qualcomm Inc. v. Nokia Corp.*, 466 F.3d 1366 (Fed. Cir. 2006). Defendant argues that the court disregarded this majority view. Def.'s Mot. Recons. 5, ECF No. 20.

But in reaching her decision, Judge Robinson acknowledged the rules set out in *Fallo*, *Contec Corporation*, and *Qualcomm*, and then contrasted these cases with a Third Circuit case,

*Quilloin v. Tenet Healthsystem Philadelphia, Inc.*, 673 F.3d 221 (3d Cir. 2012). *See Jones Lang LaSalle Americas, Inc.*, 16-cv-190-SLR, 7–8, ECF No. 18. In *Quilloin*, the Third Circuit did not directly consider the jurisdictional effect of an agreement's incorporation of the AAA Rules. It noted only that the plaintiff "did not agree to arbitrate the issue of arbitrability . . . ," *Quilloin*, 673 F.3d at 228–30, which Judge Robinson found significant because the agreement at issue incorporated the AAA Rules.[2] She did not, however, treat *Quilloin* as authority directly governing the question here, but rather as further illustration of the exacting standard by which federal courts examine the intent of parties regarding arbitrability questions.

The Third Circuit has not squarely decided this question in the context of bilateral agreements. No precedent in this Circuit compelled the court to find that reference to the AAA rules clearly delegated questions of arbitrablity to an arbitrator. Against this uncertain backdrop, Judge Robinson drew reasoned inferences from the precedent available. I cannot say that her conclusion rises to the level of clear error.

Second, in interpreting the language of the CBA, the court did not commit any clear error of fact. Approaching the issue from the most basic level, the contract did not speak directly to how arbitrability would be addressed. Necessarily, Judge Robinson had to interpret the language

---

[2] The court wrote, "In contrast, the Third Circuit in *Quilloin* found that, despite the employee's agreement to arbitrate employment disputes 'under the Federal Arbitration Act and the procedural rules of the [AAA],' the employees had not agreed to arbitrate the substantive issue of arbitrability." *Jones Lang LaSalle Americas, Inc.*, 16-cv-190-SLR, 7–8, ECF No. 18. Defendant argues that this summation was an error of fact, because the court in *Quilloin* never mentioned the "procedural rules of the AAA" and provided no discussion on the agreement's incorporation of the AAA rules. Def.'s Mot. Recons. 7, ECF No. 20. The court in *Quilloin* clearly cited language from the employment agreement, which referenced the procedural rules of the AAA. *Quilloin*, 673 F.3d at 226. The court's opinion thus held this fact in balance with its observation that the employee did not agree to arbitrate the question of arbitrability. I therefore find no error of fact or law in Judge Robinson's treatment of *Quilloin*.

against a background of amorphous case law, and found it ambiguous. The arguments raised by the Union are not without some logical force, but that falls far short of establishing clear error.[3]

Having failed to meet the onerous standard for reconsideration, Defendant's motion will be denied.

/s/ Gerald Austin McHugh
United States District Judge

---

[3] Defendants also seek reconsideration on the theory that it would be "manifestly unjust if the Court were to find that the dispute was not substantively arbitrable," because the Union might be left with no remedy. Def.'s Mot. Recons. 10, ECF No. 20. The standard for "manifest injustice" is stringent. While the Third Circuit has not defined the parameters of "manifest injustice," district judges have found guidance in Black's Law Dictionary, finding that the term encompasses "direct, obvious, and observable" error. *Conway v. A.I. duPont Hosp. for Children*, 04-cv-4862, 2009 WL 1492178, at *7 (E.D. Pa. May 26, 2009); *see also Teri Woods Pub., L.L.C. v. Williams*, 12-cv-04854, 2013 WL 6388560, at *2 (E.D. Pa. Dec. 6, 2013) ("A party may only be granted reconsideration based on manifest injustice if the error is apparent to the point of being indisputable. In order for a court to reconsider a decision due to 'manifest injustice,' the record presented must be so patently unfair and tainted that the error is manifestly clear to all who view it."). Plaintiffs have plainly not met this burden.