# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JONES LANG LASALLE AMERICAS, INC., | : | |
| Plaintiffs, | : | CIVIL ACTION |
| v. | : | No. 16-190 |
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 313, | : | |
| Defendant. | : | |

McHUGH, J.                                                               October 5, 2018

## **MEMORANDUM**

This case arises out of a labor dispute, and the Employer involved seeks a declaratory judgment that the Collective Bargaining Agreement (CBA) does not permit the Union to proceed to arbitration over a purported grievance. Specifically, Plaintiff Jones Lang LaSalle Americas, Inc. ("Employer" or "JLL") contends that the Court should rule that the labor dispute in question is not substantively arbitrable under the relevant section of the CBA, because the Defendant Union, the International Brotherhood of Electrical Workers Local Union 313 ("Union" or "Local 313"), failed to comply with the required grievance process. The Union contends that an arbitrator should decide both the underlying labor dispute and whether the Union complied with the grievance procedure that is a threshold requirement for arbitration. The Parties' Cross-Motions are granted in part and denied in part. I hold that the dispute is substantively arbitrable and further hold that issues of procedural arbitrability, including whether the Union complied with the grievance process, must therefore be decided by an arbitrator.

I.    **Pertinent Facts**

The essential and controlling facts are undisputed. Plaintiff JLL operates two facilities in Delaware, and Defendant Local 313 is the exclusive bargaining agent for certain employees at those facilities. JLL and Local 313 are parties to a collective bargaining agreement (CBA) that took effect on December 1, 2014. Def. Ex. A, ECF No. 49-1. The CBA includes an Agency Shop Clause that addresses employees' payment obligations to the Union as well as a provision regarding dispute resolution. *Id.* Section 26, entitled "Settlement of Disputes" specifies that:

> (A) Should a difference or dispute arise between the parties hereto as to the interpretation or application of this contract, it shall be resolved in accordance with the following procedure:
>
> Step 1: In the first instance, the grievance shall be submitted in writing by the employee, with the shop steward of the Union, to the Company's Account Manager or other manager designated by the Company ("Designee"). The grievance must be submitted within 0 [*sic*] working days of the action giving rise to the grievance. A meeting with the employee, shop steward, the Critical Sites Operation Manager and/or Designee or other individuals as determined by the Company will be held to resolve the grievance.
>
> Step 2: If the grievance is not resolved within 5 business days after the above meeting, the business representative may present the grievance to the Company's Account Manager.
>
> Step 3: If the grievance is not settled within 10 business days following Step 2, either party may submit the grievance to the American Arbitration Association in accordance with its rules. The decision of the arbitrator shall be binding on both parties and the cost of the arbitrator will be borne equally by both parties. Each party shall be responsible for its, his or her counsel fees.
>
> (B) Any grievance that has not referred to arbitration within 30 days after the aggrieved party knew of the existence of the facts or circumstances giving rise to the grievance shall be deemed to have been waived, unless the parties have agreed that the grievance is a continuing grievance. In this case only the claims for damages or relief for events occurring more than 30 days prior to the presentation to the written grievance shall be deemed to have been waived. The time frame of 30 days may be extended upon mutual consent of the Union and the Company.

> (C) If the grievance concerns a decision by the Company that directly affects the entire bargaining unit, the parties agree to attempt to select an acceptable arbitrator through the American Arbitration Association who will be able to hold an arbitration hearing between 30 days of the arbitrator's selection from the panel, and shall notify the American Arbitration Association of this request at the time of the filing of the demand for arbitration.

Def. Ex. A, ECF No. 49-1 at A000017.

In 2011, a dispute arose between Local 313 and another union regarding dues deducted from employees' wages pursuant to the Agency Shop Clause in the CBA. On April 7, 2015, following the conclusion of litigation pertaining to that dispute, Local 313 sent a letter to JLL requesting enforcement of the Agency Shop Clause. Pl. Ex. 2, ECF No. 47 at A100. The letter also noted that, should the employees fail to comply with their obligations, Local 313 "may seek separation of their employment by JLL." *Id.* The parties continued to communicate about the matter, and JLL suggested and agreed to pay for mediation between the two involved unions in an effort to resolve the matter. The first mediation session occurred in August 2015 but did not result in an agreement.

On September 15, 2015, Local 313 sent a second letter to JLL. Pl. Ex. 2, ECF No. 47 at A101. The letter referenced the Agency Shop Clause and expressed Local 313's belief that "JLL has a continuing obligation to terminate all employees that have not paid such fees and are in violation of said article." *Id.* It enclosed a list of the employees in question and requested their termination. On September 22, 2015, JLL replied with a letter expressing an understanding that Local 313 would attend the next mediation session in October 2015 and stating that JLL representatives would also be present. Pl. Ex. A, ECF No. 47 at A104. JLL did not terminate the employees as requested by the letter, and Local 313 did not file a formal grievance after the September 15 letter. The second mediation session occurred in October 2015, but the competing unions failed to reach an agreement. JLL and Local 313 then engaged in direct discussions to no

3

avail and, on January 27, 2016, the Union sent the American Arbitration Association (AAA) a letter, indicating that the parties had an "unresolved dispute relating to Agency Fees." Pl. Ex. A, ECF No. 47 at A106. JLL then took the position that no grievance had been properly submitted because it characterized the September 15 letter as merely a request "that Jones Lang LaSalle take action which Local 313 believes is required by Section 10 of the parties' collective bargaining agreement." Pl. Ex. A, ECF No. 47 at A107. Local 313 contends that its September 15 letter constituted a grievance under Section 26 of the CBA. JLL subsequently filed this action, seeking to forestall arbitration.

## II.     Controlling Standard

These Motions for Summary Judgment are governed by the well-established standard in Federal Rule of Civil Procedure 56(a), as amplified by *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When addressing cross-motions for summary judgment, the standard remains the same. *Appelmans v. City of Philadelphia*, 826 F. 2d 214, 216 (3d Cir. 1987). The parties disagree about the arbitrability of a dispute under their CBA, but neither party debates the validity or contents of the CBA. Because no material fact is in dispute, the issues are purely questions of law for the Court.

## III.    Discussion

Both parties return to an issue previously litigated: whether this Court or the arbitrator has jurisdiction to determine whether the dispute is arbitrable. The Employer urges the Court to hold that it has the jurisdiction to determine whether the dispute is substantively arbitrable, a conclusion consistent with previous rulings in this case.[1] The Union contends that the Court

---

[1] Judge Robinson previously addressed this question on July 11, 2017, when she denied Defendant's Motion to Dismiss, finding that the CBA did not commit the question of arbitrability to an arbitrator. *Jones Lang LaSalle*

4

should revisit this issue yet again. Absent extraordinary circumstances, the law of the case doctrine cautions against revisiting previously decided issues at later stages of a case. *In re Pharm. Benefit Managers Antitrust Litig.*, 582 F.3d 432, 439-40 (3d Cir. 2009); *Pub. Interest Research Grp. of New Jersey, Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 116-17 (3d Cir. 1997). The Third Circuit has recognized various "extraordinary circumstances" that would warrant reconsideration, *In re Pharm. Benefit Managers Antitrust Litig.*, 582 F.3d at 439, but no such circumstances are present here.[2] The Union has not raised new facts or asserted a change in the law that would persuade me that the earlier decisions on this issue[3] were incorrect or unjust. Therefore, to the extent the Employer asks me to reaffirm the Court's prior decision that it is the Court that has jurisdiction to determine whether the dispute is substantively arbitrable, its motion is granted.

I turn now to the issue of substantive arbitrability. The parties disagree about the precise question at issue. The Employer contends that whether a grievance was submitted, as required for arbitration, is itself a question of substantive arbitrability for the court to address. It cites to the provision of the CBA that requires the submission of a grievance before invoking arbitration

---

*Americas, Inc. v. Int'l Bhd. Of Elec. Workers, Local 313*, 16-cv-190-SLR (D. Del. July 11, 2017), ECF No. 18. On December 15, 2017, I denied Defendant's Motion to Reconsider the issue, finding no clear error in Judge Robinson's decision. *Jones Lang LaSalle Americas, Inc. v. Int'l Bhd. Of Elec. Workers, Local 313*, 16-cv-190-SLR (D. Del. Dec. 15, 2017), ECF No. 28.

[2] Local 313 argues that Federal Rule of Civil Procedure 54(b) mitigates the influence of the law of the case doctrine. Defendant is correct that the Court retains the *power* to reopen the issue, but that does not obligate the Court to do so. To the contrary, the Supreme Court has stated that, while "[a] court has the power to revisit prior decisions of its own or a coordinate court in any circumstance . . . courts should be loathe to do so in the absence of extraordinary circumstances." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988).

[3] The Union also attempts to distinguish the law of the case doctrine as preventing only the reconsideration of "decisions," such as the denial of the Motion to Dismiss in this case, and not the underlying rationale— that the Court has jurisdiction to determine arbitrability. Such an interpretation finds little support in existing case law and would undermine the goal of avoiding unnecessarily repetitive litigation of already-decided issues. *See Hayman Cash Register Co. v. Sarokin*, 669 F.2d 162, 165 (3d Cir. 1982) ("Under the law of the case doctrine, once an issue is decided, it will not be relitigated in the same case, except in unusual circumstances. The purpose of this doctrine is to promote the judicial system's interest in finality and in efficient administration." (citations and internal quotation marks omitted)).

and argues that it cannot be deemed to have consented to arbitration if the Union has failed to grieve. The Union responds that the only question for the court is whether the underlying dispute regarding the interpretation and application of the CBA's Agency Shop Clause is substantively arbitrable, with all other matters reserved for the arbitrator.

Cases raising arbitrability require the application of principles that can seem circular in their logic. The lead case addressing substantive versus procedural arbitrability is *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543 (1964). There, the Supreme Court held that "[o]nce it is determined, as we have, that the parties are obligated to submit the subject matter of a dispute to arbitration, 'procedural' questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator." *Id.* at 557. In reliance on *Wiley,* the Third Circuit has specifically held that once a court determines that the substance of a dispute falls within an arbitration clause, the court may not determine matters of procedural arbitrability. *Bell Atl.-Pa. v. Commc'n. Workers*, 164 F.3d 197, 200-01 (3d Cir. 1999).

The Employer here relies heavily on *Phila. Printing Pressmen's Union No. 16 v. International Paper Co.*, 648 F.2d 900 (3d Cir. 1981). There, a union sought to compel arbitration but had not, as required by the CBA, submitted any written grievance or allegation of a violation of the CBA. *Id.* at 902-03. The Court of Appeals held that the requirement that the grievance be reduced to writing was not a "mere procedural formality," and the union could not "skip the entire grievance machinery" specified in the CBA. *Id.* at 904. JLL argues that Local 313 likewise skipped the entire grievance process. In *Phila. Printing Pressmen's Union No. 16*, however, the only written communication submitted was a request to reconsider the termination at issue, which the union did not contend was a written grievance. *Id.* In contrast, Local 313's September 15 letter refers to the Employer's "continuing obligation" under the CBA, and unlike

6

the union in *Phila. Printing Pressmen's Union No. 16*, Local 313 specifically characterizes the September 15 letter as raising a grievance.

Local 313 in turn relies on *Becton Dickinson & Co. v. Dist. 65, United Auto., Aerospace, & Agric. Implement Workers of Am., AFL-CIO*, where the union had attempted to comply with the CBA by sending a letter to inform the company it may be in violation and requested a meeting to address the violations. 799 F.2d 57, 59 (3d Cir. 1986). The Third Circuit held that the arbitrator should decide whether the union's actions were sufficient to invoke the arbitration process. 799 F.2d 57, 61 (3d Cir. 1986). The Court in *Becton* distinguished *Phila. Printing Pressmen's Union No. 16* because in *Becton* "the Union did not totally fail to follow the grievance procedure." *Id.* at 60-61. Although Local 313's September 15 letter is not a model of clarity and does not allege violations of the CBA as explicitly as the letter in *Becton*, its reference to the Agency Shop Clause more closely resembles the letter in *Becton* than the total failure to comply with the required process in *Phila. Printing Pressmen's Union No. 16*.

Additional Third Circuit precedent not cited by the parties supports the view that whether the Union complied with the grievance process is a procedural matter for the arbitrator. *Troy Chemical Corp. v. Teamsters Union Local No. 408* concerned a CBA that provided for arbitration as the third step in a grievance process that required initial submission of a written grievance. 37 F.3d 123, 125 (3d Cir. 1994). The union in *Troy* had failed to submit any written grievance before initiating arbitration, and the employer, like JLL here, sought a declaratory judgment that the case was not arbitrable due to failure to comply with the process. *Id.* at 124-25. The Third Circuit treated the question about compliance with the grievance process as a purely procedural matter, which the District Court should not have reached once it found that the underlying dispute was substantively arbitrable. *Id.* at 126-27. Specifically, after holding that

7

the dispute was substantively arbitrable, it held that whether the parties had "waived steps 1 and 2 of the grievance procedure was a question of procedure for the arbitrator and not for the court." *Id.* at 126; *see also Bell Atl.-Pa.*, 164 F.3d at 201 n.4 (citing numerous cases, including *Troy*, to support proposition that, once an underlying dispute is determined to be arbitrable, remaining matters are issues of procedural arbitrability for the arbitrator); *Chauffeurs, Teamsters & Helpers, Local Union No. 765 v. Stroehmann Bros. Co.*, 625 F.2d 1092, 1094 (3d Cir. 1980) (holding that District Court erred in deciding a procedural issue after finding the underlying grievance arbitrable).

In the current case, where the issue concerns the sufficiency of the Union's attempt to comply with the grievance process, the combined weight of *Troy, Becton, Bell*, and *Chauffeurs* leads me to conclude as a matter of law that the question of compliance with the grievance process is a procedural matter to be decided by the arbitrator. To the extent that *Troy* and *Phila. Printing Pressmen's* might appear difficult to reconcile, it bears mention that *Troy* has been cited numerous times, including four times by the Third Circuit itself, whereas *Phila. Printing Pressmen's* has only been cited by the Third Circuit for the purpose of distinguishing it, in *Becton*.

The controlling question is "whether the parties had in fact agreed to arbitrate the subject matter." *Troy*, 37 F.3d at 126. Section 26 of the CBA reads, "Should a difference or dispute arise between the parties hereto as to the interpretation or application of this contract, it shall be resolved in accordance with the following procedure . . . ." Def. Ex. A, ECF No. 49-1 at A000017. The dispute in question concerns the interpretation and application of the CBA's Agency Shop Clause and JLL's obligations under that clause. The parties do not disagree about the nature of that dispute, nor do they dispute the content of the CBA. The Agency Shop Clause

is a provision of the contract, and thus the dispute about its interpretation and application falls within the scope of the arbitration clause.  The dispute is substantively arbitrable, and the arbitrator must therefore decide the procedural question of the Union's compliance with the grievance process.

**IV.    Conclusion**

With respect to whether the Court has jurisdiction to determine substantive arbitrability, the Employer's Motion for Summary Judgment is granted and the Union's Motion denied.  But having found the dispute substantively arbitrable, the related procedural question whether Defendant has fully complied with the grievance process is for the arbitrator to decide.  Accordingly, as to the issue of ultimate arbitrability, the Union's Motion for Summary Judgment is granted, and the Employer's Motion is denied.

     /s/ Gerald Austin McHugh
United States District  Judge